UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BOLDEN,<br>　　　　Plaintiff,<br>　　v.<br>KATHLEEN ALLISON, et al.,<br>　　　　Defendants. | Case No. 22-cv-02059-PJH<br><br>**ORDER OF SERVICE** |

Plaintiff, a prisoner at San Quentin State Prison ("SQSP"), has filed a pro se action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint (Docket No. 1) is now before the Court for screening pursuant to 28 U.S.C. § 1915A. Leave to proceed in forma pauperis is granted in a separate order.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that various California Department of Corrections and Rehabilitation (CDCR) defendants and the California Correctional Health Care Services (CCHCS) federal receiver Clark Kelso caused a COVID-19 outbreak at SQSP by transferring 122 prisoners from the California Institution for Men (CIM)[1] to SQSP, some of whom were infected with COVID-19, in May 2020.  Plaintiff alleges that COVID-19 cases at SQSP went from zero to 340 in 22 days following the transfer.  Plaintiff alleges that defendants "botched" the transfer and "ignored virtually every safety measure."  Docket

---

[1] Plaintiff refers to the prison, which is located in Chino, CA, as the "Chino Institution for Men."  Docket No. 1 at 6.

2

No. 1 at 6.  He alleges that defendants were aware that SQSP was at greater risk for an outbreak because of the prison's physical infrastructure, including housing units with open bars and large numbers of prisoners in close proximity, but implemented the transfer from CIM nonetheless.  *Id.* at 13-14.  Plaintiff alleges that defendants ignored the advice of public health experts in conducting the transfer.  *Id.* at 16-17.  Plaintiff alleges that he tested positive for COVID-19 around June 29, 2020.  *Id.* at 6.

Plaintiff names the following defendants in their official capacities:[2]

1. Kathleen Allison, CDCR Director
2. Ralph Diaz, former CDCR Director
3. Ronald Davis, former Associate Director of CDCR Reception Center
4. Ron Broomfield, SQSP Warden
5. J. Clark Kelso, Federal Receiver
6. Allison Pachynski, SQSP Chief Medical Executive Officer
7. L. Escobell, CIM Chief Medical Officer
8. R. Steven Tharratt, CDCR Medical Director
9. Clarence Cryer, SQSP Healthcare Chief Executive Director
10. Dean Borders, CIM Warden
11. Joseph Bick, CCHCS Director

Plaintiff alleges that all defendants were responsible for or participated in decisions related to the transfer, and that their conduct violated his rights under the Eighth Amendment.  He seeks compensatory and punitive damages.

Liberally construed, plaintiff states an Eighth Amendment claim against all defendants.  However, the Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020."  *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1.  The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the

---

[2] *See* Docket No. 1 at 9.

3

filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on March 30, 2022. "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Dr. Tharratt was therefore not an appropriately named defendant at the onset of this litigation and is DISMISSED.

**CONCLUSION**

a) Defendant Tharratt is DISMISSED.

b) The Court ORDERS that service on the following CDCR Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

1. Kathleen Allison, CDCR Director
2. Ralph Diaz, former CDCR Director
3. Ronald Davis, former Associate Director of CDCR Reception Center
4. Ron Broomfield, SQSP Warden
5. Allison Pachynski, SQSP Chief Medical Executive Officer
6. L. Escobell, CIM Chief Medical Officer
7. Clarence Cryer, SQSP Healthcare Chief Executive Director
8. Dean Borders, CIM Warden

9. Joseph Bick, CCHCS Director

c) In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Docket No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this order on the plaintiff.

d) No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

e) Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

f) The Court ORDERS that service on defendant Clark Kelso shall proceed separately.  The Clerk is directed to electronically serve Clark Kelso and his attorney via the email address HCLitigationSupport@cdcr.ca.gov the following documents: the operative complaint (Docket No. 1), this Order of Service, and a Waiver of the Service of Summons form.

g) No later than 40 days after service of this order via email on defendant Kelso and his attorney, defendant Kelso shall file the Waiver of the Service of Summons or a Notice indicating that he does not waive service.  If defendant Kelso files such a notice, the Clerk shall prepare a USM-205 Form and shall provide to the USMS the

completed USM-205 form and copies of this order, the summons, and the operative complaint for service upon defendant Kelso.

h) All defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

i) This Court will issue a scheduling order for summary judgment or other dispositive motion briefing, such as a motion to dismiss based on Federal Rule of Civil Procedure 12(b), after resolution of the common issues in the 22-mc-80066-WHO matter. *See* Docket No. 4.

j) All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

k) Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

l) Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: July 28, 2022

                                         */s/ Phyllis J. Hamilton*
                                         PHYLLIS J. HAMILTON
                                         United States District Judge